# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BLUE ARROW MISSOURI, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:25CV489 HEA |
| | ) |
| ADMIRAL INSURANCE COMPANY, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand. [Doc. No. 25], arguing there is not complete diversity of citizenship among the parties. Originally, Defendants objected to the remand. On July 22, 2025, based on Court ordered limited discovery, Defendants withdrew their opposition to the Motion. For the reasons set forth below, the Motion to Remand will be granted.

### **Legal Standard**

"Federal courts are courts of limited jurisdiction." *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A claim may be removed to federal court only if it

could have been brought there originally. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

## Discussion

A defendant may remove to federal court any state court civil action over which the federal court could exercise original jurisdiction. 28 U.S.C. § 1441(a). A federal court has diversity jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "[T]he court's jurisdiction is measured either at the time the action is commenced or . . . at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (first citing *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009); and then citing *Kan. Pub. Emps. Ret. Sys. v. Reimer & Kroger Assocs., Inc.*, 77 F.3d 1063, 1067-68 (8th Cir. 1996)).

2

This case was removed on the basis of diversity of citizenship jurisdiction. The removing defendant has the burden of establishing diversity jurisdiction. *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1159 (8th Cir. 1981). Plaintiff is a limited liability company (LLC). "[A]n LLC's citizenship is that of its members for diversity jurisdiction purposes." *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

The parties have submitted a Joint Status Report wherein they advise the Court, through the Affidavit of John E. Henkhaus, a member of Plaintiff's LLC. Mr. Henkhaus is a citizen of the State of South Dakota. Defendant First Dakota, a corporation, was incorporated in the State of South Dakota and has its principle place of business in South Dakota. Accordingly, there is not complete diversity of citizenship between all of the plaintiffs and all of the defendants.

## Conclusion

Without complete diversity of citizenship, the Court lacks jurisdiction over this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No. 25], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court of City of St. Louis, Missouri.

A separate Order of Remand will accompany this Opinion, Memorandum and Order.

Dated this 22nd day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE